■ In the Matter of EPSTEIN & FURMAN, Respondent. ROBERT W. TUCKMAN, Individually and as a Shareholder of Old Tyme Soft Drinks, et al., Appellants, v OLD TYME SOFT DRINKS, INC., et al., Appellants. ROBERT W. TUCKMAN, Appellant, v GOOD-O ACQUISITION CORPORATION et al., Appellants, et al., Defendants.—Resettled order and judgment (one paper), Supreme Court, New York County (Diane A. Lebedeff, J.), entered October 30, 1991, which, *inter alia,* fixed petitioner's counsel fee at $53,329.00, unanimously affirmed, with costs.

Since the record before us reflects that no objection was taken to jurisdiction, the court, in deference to the parties' right to chart their own litigation, could treat the proceeding in the hybrid form in which it was brought—as a plenary action against all of the named defendants for a money judgment and as a special proceeding pursuant to Judiciary Law § 475 to fix the amount of petitioner's fee (CPLR 320 [b]; *cf., Gager v White,* 53 NY2d 475). There was ample justification for the court to treat the matter in a manner resulting in a final disposition adjudging all parties individually and severally liable *(cf., 423 S. Salina St. v City of Syracuse,* 68 NY2d 474, 483). The record is clear that the intent of all parties to the settlement indemnification agreement was to deprive petitioner law firm of its fee. Concur—Carro, J. P., Milonas, Ellerin, Kupferman and Rubin, JJ.